IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY ZUPPO, | § | 05-504 |
| | § | |
| Defendant Below-Appellant, | § | No. 87, 2005 |
| | § | |
| v. | § | Court Below---Superior Court of the State of Delaware, in and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0101004412 |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted: May 20, 2005
Decided: July 11, 2005

FILED JUL 18 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Before **STEELE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices

### ORDER

This 11th day of July 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Anthony Zuppo, filed an appeal from the Superior Court's January 31, 2004 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In February 2002, a Superior Court jury found Zuppo guilty of Rape in the Second Degree, Assault in the Second Degree, Unlawful Imprisonment in the First Degree, Attempted Rape in the Second Degree, Assault in the Third Degree, Harassment, Offensive Touching, five counts of Non-Compliance with

Bond, and three counts of Aggravated Act of Intimidation. Zuppo was sentenced to a total of 26 years and 11 months of incarceration at Level V, to be suspended after 20 years and 5 months for probation. Zuppo's convictions and sentences were affirmed by this Court on direct appeal.[1]

(3) In this appeal, Zuppo claims that his trial counsel provided ineffective assistance by: failing to file the appropriate trial motions; failing to investigate, interview and subpoena witnesses; failing to request jury instructions on lesser charges; failing to make the proper objections and raise the proper defenses; failing to properly cross examine the State's witnesses; and failing to introduce impeachment evidence. Zuppo also claims that his trial counsel provided ineffective assistance by: having a conflict of interest; demonstrating bias; and improperly permitting race to be injected as an issue at trial.

(4) In order to prevail on his claim of ineffective assistance of counsel, Zuppo must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[2] Although not insurmountable, the Strickland standard is highly

---

[1] *Zuppo v. State*, 807 A.2d 545 (Del. 2002).
[2] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

demanding and leads to a "strong presumption that the representation was professionally reasonable."[3]

(5) We have carefully reviewed Zuppo's arguments and the record in this case, including the complete trial transcript. We find no merit to any of Zuppo's claims of ineffective assistance of counsel. Stated simply, there is no evidence that any action taken by Zuppo's counsel either fell below an objective standard of reasonableness or in any way altered the outcome of the trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

---

[3] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).