IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) IN01-08-1607 |
| | ) IN01-09-2226 thru 2229 |
| v. | ) IN01-09-2231 thru 2236 |
| | ) IN01-09-2238 |
| ANTHONY ZUPPO | ) IN01-09-2240 thru 2243-R1 |
| (ID. No. 0101004412) | ) |
| | ) |
| Defendant. | ) |

Submitted: *October 6, 2004*
Decided: *January 31, 2004*

FILED JUL 18 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

- 05 - 504

Elizabeth R. McFarlan, Esq., Department of Justice, Wilmington, Delaware, Attorney for the State.

Anthony Zuppo, *pro se.*

*Upon Consideration of Defendant's*
*Motion For Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*
**DENIED**

**VAUGHN, President Judge**

*State v. Anthony Zuppo*
ID. No. 0101004412
February 28, 2005

## ORDER

Upon consideration of defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, defendant's Appeal From Commissioner's Report and Recommendation, the State's Response to Defendant's Appeal, and the record in this case, it appears:

1. The defendant was found guilty by a jury of Rape Second Degree, 11 *Del. C.* § 772; Assault Second Degree, 11 *Del. C.* § 612; Unlawful Imprisonment First Degree, 11 *Del. C.* § 782; Attempted Rape Second Degree, 11 *Del. C.* § 531; Assault Third Degree, 11 *Del. C.* § 611; five counts of Non-compliance With Bond, 11 *Del. C.* § 2113(a); Harassment, 11 *Del. C.* §1311; Offensive Touching, 11 *Del. C.* § 611; and three counts of Aggravated Acts of Intimidation, 11 *Del. C.* § 3533. The Court sentenced the defendant to 26 years and 11 months incarceration, suspended after serving 20 years and five months for probation.

2. The defendant appealed his case to the Delaware Supreme Court which ultimately affirmed the conviction and sentence. Next, the defendant filed the pending motion for postconviction relief. In his motion, the defendant alleges 17 grounds for relief which are listed in the Commissioner Report and Recommendation. These grounds include ineffective assistance of counsel.

3. The Motion for Postconviction Relief was referred to the Court Commissioner Andrea M. Freud for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 61.

4. The defendant alleged 17 grounds in support of his motion for post-conviction relief. All but number 14 involve claims of ineffective assistance of

*State v. Anthony Zuppo*
ID. No. 0101004412
February 28, 2005

counsel. Number 14 is a claim that the evidence was insufficient to sustain the defendant's conviction on the various offenses involved. Number 14 is procedurally barred. In addition, I am satisfied that the evidence was sufficient to sustain the defendant's convictions. With regard to the claims of ineffective assistance of counsel, the Commissioner determined that the defendant failed to establish prejudice suffered as a result of counsel's representations. I have reviewed each of the allegations of ineffective assistance of counsel and I concur in the Commissioner's determination that the defendant has not established any prejudice from any of the alleged grounds of ineffective assistance of counsel.

    5. On or about August 18, 2004 the defendant filed written objections to the Commissioner's proposed findings and recommendations. Pursuant to the above-mentioned statute and rule, I perform a *de novo* analysis of these objections. He first objects to the Commissioner's findings regarding his first allegation of ineffective assistance of counsel. He takes issue with the Commissioner's statement that "Zuppo was arrested at the apartment he shared with Reynolds." He states that he owned the three bedroom house. He discusses other circumstances pertaining to the residence and the removal of items therefrom by the police. I find that the matters of which he complains are not material to any of the defendant's legal rights and do not show any prejudice arising from counsel's conduct. He next objects to the Commissioner's findings regarding his third allegation of ineffective assistance of counsel, relating to severance of charges. I am satisfied that all of the charges which were tried at trial were properly joined and that there was no prejudice to the defendant from the joinder of those which were joined at trial. There is no ineffective assistance of counsel

*State v. Anthony Zuppo*
ID. No. 0101004412
February 28, 2005

arising from the issue of severance. The defendant next objects to the Commissioner's findings regarding his fourth allegation of ineffective assistance of counsel. He states in his objection that counsel failed to compel discovery, but that counsel withheld evidence from him and attempted to further the prosecutor's case against the defendant. I find that this objection is without merit. The defendant next objects to the Commissioner's findings regarding his fifth allegation of ineffective assistance of counsel, relating to arraignment. I concur with the Commissioner that the defendant suffered no prejudice arising from this alleged ineffectiveness on the part of counsel. The defendant next objects to the Commissioner's findings regarding his seventh allegation of ineffective assistance of counsel, relating to investigating certain matters prior to trial. I have carefully reviewed the defendant's arguments, and I agree with the Commissioner that none of the matters complained of would have changed the outcome of the proceeding. The defendant next objects to the Commissioner's findings regarding his eight allegation of ineffective assistance of counsel, regarding lesser-included offenses. I find that the Commissioner adequately addressed this issue and that the defendant suffered no prejudice as to lesser-included offenses. The defendant next objects to the Commissioner's findings regarding his ninth allegation of ineffective assistance of counsel, regarding the defense of self-protection. The defendant suffered no prejudice as a result of this defense not having been affirmatively asserted. There was no credible evidence to support such a defense. The defendant next objects to the Commissioner's findings regarding his tenth allegation of ineffective assistance of counsel, regarding unlawful imprisonment in the first degree. The evidence was sufficient to sustain the defendant's conviction

*State v. Anthony Zuppo*
ID. No. 0101004412
February 28, 2005

for that offense. There was no prejudice in any perceived failure of defense counsel as to this issue. The defendant next objects to the Commissioner's findings regarding his eleventh allegation of ineffective assistance of counsel, regarding conflict and bias. These allegations are without merit and are rejected. The defendant next objects to the Commissioner's findings regarding his twelve allegation of ineffective assistance of counsel, regarding failure to properly to question witnesses. Based upon the record, I am satisfied that the defendant didn't suffered any prejudice regarding counsel's decision to question witnesses. The defendant next objects to the Commissioner's findings regarding his thirteenth allegation of ineffective assistance of counsel, regarding statements of the complaining witness and Officer Eckerd. I am satisfied that the issue of the complaining witnesses' various perceived contradictory behavior and statements were fully aired before the jury, and I find that the defendant has failed to establish prejudice from counsel's conduct as to this issue or as to Hackett's statements. The defendant next objects to the Commissioner's findings regarding his fifteenth allegation of ineffective assistance of counsel, regarding counsel's alleged failure to raise objections or request jury instructions. The defendant offers no new matter in his objection and I am satisfied that the Commissioner adequately considered these issues. The defendant next objects to the Commissioner's findings regarding his sixteenth allegation of ineffective assistance of counsel, regarding a curative instruction. I am satisfied that the defendant suffered no prejudice as a result of allegation sixteen. The defendant next objects to the Commissioner's findings regarding his seventeenth allegation of ineffective assistance of counsel, regarding failure to ask for a mistrial. The victim's comment

*State v. Anthony Zuppo*
ID. No. 0101004412
February 28, 2005

to the jury was brief and, the record indicates, simply directed the jury to the affected hand. No grounds existed for any declaration of mistrial. Finally, with regard to the defendant's fourteenth allegation of ineffective assistance of counsel, I find no prejudice in appellate counsel's alleged failure to argue insufficiency of evidence. The evidence was clearly sufficient to sustain the convictions. As to the final paragraph of the defendant's written objections, I find that the Commissioner properly applied both Rule 61 and the standard for assessing ineffective assistance of counsel claims.

  6. A copy of the Commissioner's report dated August 5, 2004 is attached hereto.

  **NOW, THEREFORE, IT IS ORDERED** that:

  a. Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

  b. The defendant's Motion for Postconviction Relief is *denied.*

           _____
            President Judge

oc: Prothonotary
cc: Hon. Andrea M. Freud
   Elizabeth R. McFarlan, Esq.
   Mr. Anthony Zuppo
   File