Not Reported in F.Supp.  
1996 WL 534877 (D.Del.)  
**(Cite as: 1996 WL 534877 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.  
John B. KENNEDY, Jr., Petitioner,  
v.  
Richard KEARNEY, Warden, Sussex Correctional Institution and M. Jane Brady,  
Attorney General of the State of Delaware, Respondents.  
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*

Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION  
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On January 9, 1992, petitioner was sentenced to a twenty year term of imprisonment after pleading guilty to one count of first degree unlawful sexual intercourse. In his application for federal habeas corpus relief, presently pending before this court, he claims that his plea was not intelligently and voluntarily made and that the assistance he received from counsel was constitutionally deficient. Respondents have filed their answer, claiming that petitioner's claims are barred by his unexcused procedural default in presenting his claims to the state courts. For the reasons discussed below, the court will deny the requested relief and dismiss the petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on nine separate felony counts related to the sexual molestation of petitioner's daughter over a period of three years. (D.I. 3 at Ex. C) Petitioner appeared in Superior Court on January 9, 1992, for the purpose of pleading guilty to one of the counts of the indictment. In exchange for petitioner's guilty plea, the State agreed to dismiss the other felony counts as well as charges of lewdness, indecent exposure, assault, and endangering the welfare of a child which were pending against petitioner in Family Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel notified the court that, due to petitioner's illiteracy, counsel had filled out the relevant forms for petitioner and had explained them to him. (D.I. 3 at Ex. A3-A4) In response to the court's questions, petitioner indicated that he wished to enter a guilty plea, that he understood the consequences of waiving a jury trial, and that he was aware of the range of penalties he could receive. (D.I. 3 at Ex. A4-A7) Petitioner stated, regarding his attorney, "He explained everything to me, went over everything.... He read everything over with me and my wife, went over everything real good, so I understand what I was doing." (D.I. 3 at Ex. A5-A6) Based on petitioner's responses, the court stated its finding that petitioner's plea was "knowingly, intelligently and voluntarily made." (D.I. 3 at Ex. A10) The court sentenced petitioner to a twenty-year term of incarceration, fifteen of which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61 postconviction motion, in which he claimed that his representation by counsel had been deficient, that his guilty plea was defective, and that the warrant for his arrest had been based on false information. (D.I. 3 at Ex. D) The Superior Court denied the motion on the merits. (D.I. 3 at Ex. E) Petitioner did not appeal.

Petitioner filed a second Rule 61 motion in Superior Court on January 17, 1995. (D.I. 3 at Ex. D) In that motion, petitioner restated the grounds he had raised in his first motion for postconviction relief. The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:

> Any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

*2 Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 534877 (D.Del.)  
**(Cite as: 1996 WL 534877 (D.Del.))**

Page 2

motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

III. DISCUSSION

A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

> "It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

**\*3** Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
1996 WL 534877 (D.Del.)
**(Cite as: 1996 WL 534877 (D.Del.))**

to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

1996 WL 534877 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:95CV00613 (Docket) (Oct. 13, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.