Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
David W. BOWEN, Petitioner,
v.
Robert SNYDER, Warden and Attorney General of the State of Delaware,
Respondents.
**No. C.A. 97-375-SLR.**

Oct. 22, 1999.

David W. Bowen, Smyrna, Delaware, Petitioner, pro se.

Loren C. Meyers, and Thomas E. Brown, of the Delaware Department of Justice, for Respondents.

MEMORANDUM OPINION

ROBINSON, J.

I. INTRODUCTION

**\*1** David W. Bowen ("petitioner") is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware and Robert Snyder and M. Jane Brady are the Warden of DCC and the Attorney General of the State of Delaware, respectively. Currently before the court is petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I.2) Because petitioner's claims for relief are either procedurally barred or without substantive merit, the court shall deny petitioner's application.

II. BACKGROUND

The following facts are taken from the Delaware Supreme Court's opinion in petitioner's direct appeal, *see Bowen v. State,* 602 A.2d 1082 (table), No. 156, 1991 WL 181476, at \*\*1 (Del. Sept. 9, 1991) (*"Bowen I"*), and the Superior Court's March 21, 1990 opinion denying petitioner's motion for a new trial. (D.I. 21, Appellant's App., Pt. 1, at A9-12) In January, 1990, a Superior Court jury sitting in Sussex County, Delaware convicted petitioner of Attempted Murder First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, Robbery First Degree, and Conspiracy First Degree. *See* id. The State of Delaware elected to prosecute petitioner jointly with his co-conspirators, Melvin Ward and Angela Bowen. These convictions stem from petitioner's robbery and assault of Max Dubin on May 22, 1987. *See* id. Dubin operated a pawn shop and salvage yard known as "Shirley's Place" near Seaford, Delaware. At trial, the state's principal evidence against petitioner was the taped confession of Kimberly Sims, in which she implicated petitioner and his co-conspirators in the robbery of Dubin. Sims told the Delaware State Police that she acted as a lookout while petitioner and his co-conspirators attacked and robbed Dubin. *See* id. When the others returned, Sims saw blood on petitioner. Sims told the Delaware Police that petitioner had a knife during the robbery and that Ward had buried the knife in his backyard. (D.I. 21, Appellant's App., Pt. 1, at A10) After Sims's confession, the police found the knife. Sims later recanted her confession at trial, and the Superior Court cautioned the jury about accomplice testimony and recanted prior statements. Nonetheless, the jury found all three defendants guilty as charged. The Superior Court sentenced petitioner to life imprisonment plus thirty years. (D.I. 2 at 2)

Petitioner raised several issues on direct appeal. First, he argued that the Superior Court abused its discretion in failing to grant his motion for a mistrial after his co-defendant (and sister) Angela Bowen made an in-court reference to petitioner's involvement in an unrelated murder. The Supreme Court found that the prosecution was "entirely without blame for the inadvertent statement volunteered by" Angela Bowen and that the trial court cured any prejudice by instructing the jury to disregard her statement. *See Bowen I,* 1991 WL 181476, at \*\*1. Petitioner also argued on direct appeal that the trial court abused its discretion by refusing to grant each defendant six peremptory challenges during jury selection. The Delaware Supreme Court rejected this argument as well, finding that the trial court based its decision on a reasonable "balancing of the equities" between defendants and the state. *See id.* Finally, petitioner challenged his conviction on the ground that there was insufficient evidence to support the jury's verdict. The Delaware Court found, however, that the state's evidence was "more than sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt." *Id.* at \*\*2.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00504-SLR   Document 17-4   Filed 11/17/2005   Page 2 of 6

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

**\*2** In September of 1994, petitioner moved for post-conviction relief. In support of his motion, petitioner raised six grounds for relief. In grounds one through three, petitioner argued that he received ineffective assistance of counsel because his trial counsel (1) failed to investigate and subpoena alibi witnesses, (2) failed to investigate a "plethora" of evidence implicating another individual in the attempted murder, and (3) because his trial counsel failed both to challenge the knife's authenticity as the weapon used in the attack and to suppress the knife as seized without a warrant. In grounds four through six, petitioner argued that the trial court committed reversible error by allowing the knife blade into evidence without sufficient foundation, that the state selectively prosecuted him, and that the prosecutor suppressed exculpatory evidence. (D.I. 11, Appellant's Opening App., March 2, 1995, at A4- 22) In a November 23, 1994 letter memorandum, the Superior Court declined to review grounds four and six, rejected ground five as meritless, and denied grounds one through three in light of the "competent, thorough and energetic defense" of petitioner's trial counsel. (D.I. 11, Appellant's Opening App., Mar. 2, 1995, at A1-2)

In his appeal of this decision, petitioner did not contest the Superior Court's findings or rationale. Instead, petitioner argued that Judge William Swain Lee, who denied petitioner's motion for postconviction relief, should have recused himself from that motion. *See Bowen v. State,* 667 A.2d 1318 (table), No. 490, 1995 WL 496932, at \*\*1 (Del. Aug. 14, 1995) (*"Bowen II"* ). Finding that "[n]o evidence in the record indicates that Judge Lee should have recused himself from his involvement in [petitioner's] appeal," the Delaware Supreme Court rejected petitioner's postconviction appeal. *See id.* Two years later, petitioner filed the present application for habeas corpus relief.

III. STANDARD OF REVIEW

As of April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) amended the standards for reviewing state court judgments in § 2254 proceedings. Since petitioner filed his habeas petition on April 24, 1997, following the enactment of the AEDPA, the court will apply the amended standards set forth in the AEDPA to petitioner's claims for federal habeas corpus relief. [FN1] *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

> FN1. Respondents filed a motion to dismiss petitioner's application as time-barred. (D.I.9) The court denied both this motion (D.I.15) and respondents' motion for certification of interlocutory appeal of the court's denial. (D.I.17)

The federal habeas corpus statute, 28 U.S.C. § 2254, provides that a district court will consider a petition for a writ of habeas corpus presented by an individual "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court need not consider a petition unless the petitioner has fulfilled certain procedural requirements, such as having "exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1)(A). State remedies are unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). Thus, a petitioner must raise before the state court of last resort the factual and legal premises of the claims for relief asserted in the § 2254 petition. *See Chaussard v. Fulcomer,* 816 F.2d 925, 928 (3d Cir.1987); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). The principle of comity underlies this exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings. A petitioner need not raise issues on collateral appeal that he addressed on direct appeal. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). Generally, unexhausted state claims "must be dismissed without prejudice." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). As an alternative to dismissal, the court may deny the petition on the merits despite petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2).

**\*3** The AEDPA prohibits district courts from granting a habeas petition for any claim heard on the merits at the state level unless such previous adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1)-(2). The Third Circuit has explained that this

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

language mandates a two-part inquiry:

> [F]irst, the federal court must inquire whether the state court decision was "contrary to" clearly established federal law, as determined by the Supreme Court of the United States; second, if it was not, the federal court must evaluate whether the state court judgment rests upon an objectively unreasonable application of clearly established Supreme Court jurisprudence.

*Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999).

Additionally, the AEDPA increases the deference a federal court must pay to the factual findings and legal determinations made by state courts. *See Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996) (finding amended § 2254 to be a "more deferential test" with respect to state courts' legal and factual findings). Like the prior § 2254(d), amended § 2254(e)(1) provides that factual determinations made by a state court are presumed correct. *See* 28 U.S.C. § 2254(e)(1). The amended § 2254(e) goes further, however, by placing on the petitioner the burden of rebutting the presumption by clear and convincing evidence. *See id.* With these precepts in mind, the court now turns to an analysis of petitioner's claims.

IV. DISCUSSION

Petitioner sets forth eight grounds for habeas corpus relief. First, petitioner asserts that the trial court erred in denying his motion for a mistrial after his sister, Angela Bowen, inadvertently referred in court to petitioner's involvement in an unrelated murder. Second, petitioner challenges the trial court's allocation of peremptory challenges during jury selection. Third, petitioner argues that the jury's guilty verdict rests on insufficient evidence. Fourth, petitioner alleges multiple instances of ineffective assistance of counsel at trial and on appeal. Fifth, petitioner argues that the trial court erred in admitting the knife into evidence. Sixth, petitioner claims the state selectively prosecuted him. Seventh, petitioner accuses the state prosecutor of suppressing exculpatory evidence. Finally, petitioner contends that Superior Court Judge Lee erred by refusing to recuse himself from consideration of petitioner's postconviction relief motion. The court now turns to an analysis of these purported grounds for relief.

A. Procedurally Barred Claims

Petitioner first presented his fourth claim of ineffective assistance of counsel, his fifth claim concerning the admissibility of the knife, his sixth claim concerning selective prosecution, and his seventh claim concerning suppression of exculpatory evidence to the Delaware Superior Court on postconviction appeal. (D.I. 11, Appellant's Opening App., Mar. 2, 1995, at A4- 22) He failed, however, to present these claims to the Delaware Supreme Court. *See Bowen II,* 1995 WL 496932, at **1-2. Accordingly, petitioner has failed to exhaust his state remedies with respect to these claims. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D.Del.1993) (explaining that, "[i]n order to demonstrate that each claim has been "exhausted" in state court, [petitioner] must show that he presented each to the Delaware Supreme Court."), *aff'd,* 68 F.3d 736 (3d Cir.1995).

*4 A failure to exhaust a claim or claims ordinarily results in dismissal of a habeas corpus petition; however, if there is no available means to reassert these claims in state court, a petitioner is excused from the exhaustion requirement. Such is the case here. Superior Court Criminal Rule 61(i)(1) bars petitioner from filing a motion for postconviction relief more than three years after the judgment of conviction becomes final. *See, e.g., Johnson v. Ellingsworth,* 783 F.Supp. 215, 219 (D.Del.1992). Moreover, Superior Court Criminal Rule 61(i)(4) would bar the aforementioned claims as previously adjudicated in petitioner's first postconviction relief motion. Accordingly, petitioner is excused from the exhaustion requirement. At issue, though, is whether petitioner is procedurally barred from raising claims four through seven on federal habeas corpus review.

Where, as here, a habeas petitioner has failed to meet a state's procedural requirements for raising federal claims, the petitioner has deprived the state of an opportunity to address those claims in the first instance. *See Coleman,* 501 U.S. at 731-32. The procedural bar rule prevents habeas petitioners from avoiding the exhaustion requirement "by defaulting their federal claims in state court" and making an end-run around state court review of those claims. *See id.* at 732. Accordingly,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 4
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. Because Superior Court Rule 61 serves as an independent and adequate state procedural rule, petitioner is procedurally barred from federal habeas review of claims four through seven unless he can either establish cause for his procedural default and resulting prejudice or (2) convince the court that a miscarriage of justice would result if the court refused to consider his claim. *See id.* A petitioner establishes a "miscarriage of justice" only with colorable evidence of actual innocence. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992). Petitioner has demonstrated neither cause nor prejudice. Nor has he established that a miscarriage of justice would result if the court refused to consider his claims on the merits. Accordingly, federal habeas review of claims four through seven is barred.

B. Claims One, Two, and Three

In claim one, petitioner argues that the trial court erred in denying a motion for a mistrial after petitioner's co-defendant referred inadvertently to petitioner's involvement in an unrelated murder. In claim two, petitioner contends the trial court abused its discretion in allocating the number of peremptory challenges to the defendants. Claim three challenges the sufficiency of the evidence. Construing petitioner's claims liberally, it appears that petitioner asserts due process violations with respect to each of these claims. Petitioner presented each of these claims to the Delaware Supreme Court on his direct appeal, and respondents concede that he has exhausted his state remedies. Because both the Delaware Superior and Supreme Courts rejected all three of these claims on their merits, federal habeas corpus review is prohibited unless the adjudication of these claims

 ***5** (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Thus, the court must assess whether the Delaware Supreme Court's denial of each of these three claims ran afoul of federal law and United States Supreme Court jurisprudence or rested on an unreasonable determination of the facts. *See id.; Matteo,* 171 F.3d at 880.

1. The Denial of Petitioner's Motion for a Mistrial

In rejecting petitioner's claim that the Superior Court abused its discretion in denying petitioner's motion for a mistrial, the Delaware Supreme Court found, as an initial matter, that "the State was entirely without blame for the inadvertent statement volunteered by the witness, [Angela Bowen]." *Bowen I,* 1991 WL 181476, at **1. The Delaware Court also determined that, "[t]o the extent, if any, that the statement might have caused prejudice to [petitioner], it was sufficiently cured by the trial court's instructions." *Id.*

In order for an allegedly prejudicial statement to rise to the level of a due process violation, the remarks, when viewed in the context of the entire trial, must be of "sufficient significance" so as to deny the petitioner a fair trial. *See Greer v. Miller,* 483 U.S. 756, 765 (1987) (applying rule in the context of prosecutorial misconduct); *United States v. Bagley,* 473 U.S. 667, 676 (1985) (same). The transcript of petitioner's trial reveals that Angela Bowen's [FN2] attorney initiated the line of questioning that ultimately resulted in Angela Bowen's reference to her brother's involvement in a prior murder. (D.I. 21, Appellant's App., Pt. II, Aug. 31, 1990, at A68-69) The exchange occurred as follows:

> FN2. The Delaware Supreme Court refers to the witness as Angela Bowen, but the trial transcript refers to her as Angela Baker. *Compare Bowen I,* 1991 WL 181476, at **1 *with* D.I. 21, Appellant's App., Pt. II, Aug. 31, 1990, at A69. The court assumes that the two are the same person.

Q: What happened next?
A: Then he [the police officer] told me I was under arrest,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00504-SLR   Document 17-4   Filed 11/17/2005   Page 5 of 6

Not Reported in F.Supp.2d                                                                                                      Page 5
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

what was going on, and I was confused, because I thought he was talking about Hastings, you know. I didn't know--he didn't mention a name. He just mentioned attempted murder, and I was, like, "I don't know nothing about it."

Q: When you are telling the jury you thought he was talking about Hastings, they do not know what you are talking about. What are you referring to?

A: My brother [petitioner] had committed murder--

(D.I. 21, Appellant's App., Pt. II, Aug. 31, 1990, at A69) Thereafter, petitioner's trial counsel objected and, in sustaining the objection, the trial judge noted within the jury's hearing that: "I think we should instruct the jury to completely disregard that remark. It has nothing to do with this case." (D.I. 21, Appellant's App., Pt. II, Aug. 31, 1990, at A69) In his closing instructions to the jury, the trial court further admonished the jury to ignore the reference to the prior murder:

*6 Another point that came up was when Angela Bowen mentioned that she thought she was being arrested for some other incident. You will recall that I immediately pointed out that that has nothing to do with this case, and you must ignore that comment and you may not consider it as any evidence whatever in this case.

(D.I. 21, State's App., Jan. 4, 1991, at B44)

In light of the trial transcript, the court concludes that the Delaware Supreme Court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Indeed, in a case where the prosecutor asked a potentially prejudicial question and where the court subsequently offered curative instructions, the United States Supreme Court noted that, "[t]he sequence of events in this case--a single question, an immediate objection, and two curative instructions ... clearly indicates that the prosecutor's improper question did not violate [petitioner's] due process rights." *Miller,* 483 U.S. at 766. Here, two curative instructions followed Angela Bowen's single (and somewhat opaque) reference to petitioner's involvement in another murder. As such, the Delaware Supreme Court's finding that Angela Bowen's statement did not warrant a mistrial was not contrary to clearly established federal law or United States Supreme Court jurisprudence. *See* 28 U.S.C. § 2254(d)(1); *Matteo,* 171 F.3d at 880. Moreover, in light of the trial transcript, the Delaware Court did not base its decision on an "unreasonable determination of the facts in light of the evidence presented." *Id.* § 2254(d)(2). Accordingly, claim one cannot serve as a basis for habeas corpus relief.

2. The Allocation of Peremptory Challenges

Petitioner contends that the trial court abused its discretion by refusing to allocate each defendant six peremptory challenges. At trial, the court allocated defendants, as a group, a total of twelve peremptory challenges, and the Delaware Supreme Court found that the judge did not abuse his discretion in so allocating these challenges. The United States Supreme Court has explained that it has "long recognized that peremptory challenges are not of constitutional dimension." *Ross v. Oklahoma,* 487 U.S. 81, 88 (1988). "Because peremptory challenges are a creature of statute and not required by the Constitution," *id.* at 89, a denial of peremptory challenges states a due process violation only where "the defendant does not receive that which state law provides." *Id.* Under Delaware Superior Court Criminal Rule 24, "a defendant or defendants shall be entitled to a total of six peremptory challenges." Del.Super. Ct.Crim. R. 24(b)(1) (emphasis added). In light of Rule 24, Delaware law entitled the three co-defendants, as a group, to six peremptory challenges. The trial court, however, permitted the defendants twelve challenges. (D.I. 21, Appellant's App., Pt. I, Aug. 31, 1990, at A41) Thus, petitioner was not deprived of his statutory right to peremptory challenges. Accordingly, the Delaware Supreme Court's finding that the trial court did not abuse its discretion comports with clearly established United States Supreme Court jurisprudence and does not rest on an unreasonable interpretation of the facts. *See* 28 U.S.C. § 2254(d)(1); *Matteo,* 171 F.3d at 880. Claim two, therefore, cannot serve as a basis for federal habeas corpus relief.

3. The Sufficiency of the Evidence

*7 In his third ground for relief, petitioner contends that the evidence presented at trial was insufficient to sustain the jury's guilty verdict. Petitioner does not allege that there was insufficient evidence to prove a particular element of one of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 6
Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)
**(Cite as: 1999 WL 1011972 (D.Del.))**

the crimes charged. Instead, he challenges his convictions on the ground that they rest on the allegedly unreliable taped confession of Kimberly Sims. The Delaware Supreme Court found that, despite Sims's in-court recantation of this confession, "[t]he State's evidence in toto, taken in a light most favorable to the prosecution, is more than sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt." *Bowen I,* 1991 WL 181476, at **2. On habeas corpus review, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The court on habeas review must defer to the jury's resolution of conflicts in the evidence. *See id.* at 326.

At trial, the state relied in part on the testimony of Kimberly Sims. Sims confirmed that she told the police she drove petitioner and his co-defendants to Shirley's Place and waited in the car while the three defendants went inside. She also told the police that petitioner and his co-defendants agreed to rob "the old man" at Shirley's Place. (D.I. 21, State's App., Jan. 4, 1991, at B3) She also testified in court that she told police that petitioner returned to the car covered in blood. Nonetheless, she recanted this confession in court. (D.I. 21, Appellant's App., Pt. I, Aug. 31, 1990, at A51-52) The jury, however, was able to observe Sims's demeanor in court, and it could have concluded that her out-of-court statement was more trustworthy. Moreover, a rational fact finder could have concluded that the state's other evidence corroborated Sims's out-of-court testimony. For instance, the state offered the testimony of Officer Warrington, who found the knife used in the assault after Sims told him where to find it. (D.I. 21, State's App., Jan. 4, 1991, at B7, B19-20) Another witness identified that knife as the one owned by petitioner. (D.I. 21, State's App., Jan. 4, 1991, at B33-34) Thus, despite the inconsistency between Sims's in-court testimony and her out-of-court statement, a rational fact finder could have concluded that the state's evidence proved petitioner's guilt on all five counts of the indictment. Accordingly, claim three does not serve as grounds for habeas corpus relief.

C. Claim Eight

In claim eight, petitioner argues that Judge Lee of the Superior Court should have recused himself from petitioner's postconviction relief motion. Petitioner presented this claim only to the Delaware Supreme Court on appeal from Judge Lee's denial of petitioner's postconviction motion. *See Bowen II,* 1995 WL 496932, at **1-2. The Delaware Court rejected this argument on its merits, finding that, "[n]o evidence in the record indicates that Judge Lee should have recused himself from his involvement in [petitioner's] appeal." *Id.* at **1. On habeas corpus review, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has presented only conclusory assertions and no evidence of record to rebut this presumption of correctness. Accordingly, claim eight does not warrant habeas corpus relief.

V. CONCLUSION

***8** For the aforementioned reasons, petitioner's application for habeas corpus relief is denied. The court shall issue an order consistent with this memorandum opinion.

Not Reported in F.Supp.2d, 1999 WL 1011972 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.