UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

ANTHONY ZUPPO,                    )
   Petitioner,                   )
                             )
                             )
v.                               )     Civil Action NO. 05-504-SLR
                             )
                             )
WARDEN THOMAS CARROLL,            )
ATTORNEY GENERAL OF THE STATE     )
OF DELAWARE,                      )
       Respondent.               )

FILED

NOV 1 8 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## NOTICE OF ADDENDUM

PLEASE TAKE NOTICE, of the ADDENDUM to GROUND ONE of Petitioner's
28:2254 Petition for Writ of Habeas Corpus (State) that was filed on the
18th of July, 2005.

Date: November 16, 2005

ANTHONY ZUPPO, Pro-se
D.C.C. #283480
1181 Paddock rd.
Smyrna, DE 19977
Petitioner

PLEASE TAKE NOTICE of this ADDENDUM to GROUND ONE of Zuppo's Petition for Writ of Habeas Corpus (state) that was filed on the 18th of July, 2005.


Please except this case law that is to be added to Ground One of my Habeas Corpus.

McKaskle v. Wiggins 80 L.Ed. 2d 148, Counsel Clause of Sixth Amendment implies right in defendant to conduct his own defense, with assistance at his trial, U.S.C.A. Amendment 6

Meadows v. Maxwell 371 F.2d 664, Defendant can waive counsel at ANY stage of criminal proceedings.

Speights v. Frank 361 F.3d 962, Waiver of the right to assistance of counsel at trial, the stage of a criminal prosecution most diffcult for a layperson to navigate, may require an oral inquiry to ensure that defendant chooses with knowledge of his entitlements and his eyes open to the dangers of self-representation.

U.S. v. Charria Even at critical stage of the criminal proceeding, the Sixth Amendment right to counsel can be knowingly and voluntarily waived by criminal defendant who has been made fully aware of nature of right being abandoned and consequences of abandonment.

Molignaro v. Smith Where state defendant's waiver of counsel accurred at critical stage of the proceedings against him, his right to a lawyer's advice had become operative and could be lost only by fully intelligent waiver.

U.S. v. Pimentel Defendant may validly waive his right at any time to counsel after his rights under this amendment have attached.

Faretta v. California 45 L.Ed2d 562,

Criminal Law, 46 defendant's right to self-
representation,

2a, 2b, 2c, A defendant in a state criminal
trial has a constitutional right to proceed
without counsel when he voluntarily and in-
telligently elects to do so, and such right
of self-representation is supported by the
structure of the 6 Amendment, which necess-
arily implies a right of self-representation
and by the English and Colonial Jurisprudence
from which the 6 Amendment emerged.

Criminal Law, 46.3 right to counsel-unwilling
defendant.

The language and spirit of the Sixth Amendment
contemplate that counsel, like the other defense
tools quaranteed by the Amendment, shall be an
aid to a WILLING defendant-not an organ of the
state interposed between an UNWILLING defendant
and his right to defend himself personally.

Criminal Law, 46.3 counsel-defendant's right to
decide whether to use.

Since the right to defend is personal and since
the defendant, and NOT his lawyer or the state
will bear the personal consequences of a convic-
tion, it is the defendant who must be free per-
sonally to decide whether in his particular case
counsel is to his advantage.

It was a miscarage of justice for the trial court to deny the
defendant to proceed pro-se, which violated his Sixth Amendment. Once
Zuppo choised to proceed pro-se, after the trial court denied to re-
place counsel or to have as assisting counsel, the trial court had NO
legal standing to deny Zuppo to defend himself.

Zuppo proves all threw his Post-Conviction Relief of the bias
acts between counsel and Zuppo for his defense. Zuppo proceeding Pro-
se would have had a more favorable outcome at conclusion of the trial
then he received from the public defender!!!

Zuppo by the violation of his Sixth Amendment right is entitled, by Law to a new and fair trial.

Respectfully yours,

ANTHONY ZUPPO Pro-se
D.C.C. #283480
1181 Paddock rd.
Smyrna, DE 19977

Dated: November 16, 2005

I, ANTHONY ZUPPO, hereby certify that I have served a true and correct copy of the attached ADDENDUM upon the following parties:

To: Attorney Generals Office
    820 N. French Street
    Wilmington, DE 19801

To: United States District Court
    844 N. King Street Lockbox 18
    Wilmington, DE 19801-3570

On this 16th day of November, 2005

Anthony Zuppo Pro-se.



IM Anthony Zappa
SBI# 283480  UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

United States District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801-3570