IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY ZUPPO,            )
   Petitioner,           )
                          )
v.                        )      Civ. Act. No. 05-504-SLR
                          )
THOMAS CARROLL,           )
Warden, and M. JANE BRADY,)
Attorney General of the State )
of Delaware,              )
   Respondents.          )

RECEIVED
DEC 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## REPLY BRIEF

    The Respondents falsely state in their <u>Answer</u> that "The day after the phone call to Reynolds' residence, Reynolds and Zuppo attempted reconciliation". That is not fact and was not testified to at trial by any witness!. Reynolds and Zuppo got back together on March 17th 2001, over two months after the alleged phone calls that Reynolds said happened in January 2001. [Re Statement of facts]

    The Respondents again falsely state that "Zuppo then tried to rip the knife from Reynolds and in the process he cut her hand to the bone". First, Reynolds' fingers where cut not her hand and Second, Zuppo was found innocent at trial proving that he never touched the knife causing Reynolds fingers to be cut. [Re statement of facts]

    The Respondents again falsely state that "Finally, Reynolds called the police and told them about everything Zuppo had done to her". Reynolds testified at trial that she did not call the police, that in fact her ex-boyfriend called the police after she told him that Zuppo and her got married, Hackett (the ex-boyfriend) testified at trial that it was him that called the police NOT Reynolds and the testimony from Reynolds theropyst, Jean Lee also proves that Reynolds knew nothing about Hackett calling the police by her reaction to the phone call she got during her treatment from Detective O'Sullivan the day of her appointment. Reynolds

never said Zuppo cut her fingers untill trial! Her original statement to Detective O'Sullivan was that it wasn't Zuppos fault and it was unintentual. The trial judge refused to enter that tape from the preliminary hearing to allow the jury to hear it to prove that Zuppo was not guilty of Assault 2nd and the public defender did nothing to have it entered to help the defense. Zuppo can only come to the conclusion that it was not allowed in , and the P.D. did not try to have it entered, because if it was entered then it would have hurt the prosecutions case and it proves this allegation all through the trial transcripts and how the trial was ONE SIDED towards the prosecution. [Re statement of facts]

The Respondents withheld requested Court Records from the Honorable District Court. They neglect to send Zuppo's Post-Conviction Relief work and only sent the decision and Commissioners report, they left out the response from the public defender, response from the state, and the reply from Zuppo for all the above!!! The respondents also left out the 61 its self and the exhibits. In the respondent's answer dealing with Zuppo's Post-Conviction Relief, pages 7 thru 20 of the respondents answer, their argument is already argued by Zuppo in his replys to the public defender, states, and commissioners responses to Zuppo's 61 P.C.R. The respondents are just arguing the same thing they wrote in the lower courts, so why didn't they include all the record requested by the District Court and not just what they wanted to send just to benifit them?.

The respondents state that Zuppo does not specifically address his arguments thoroughly. If the respondents would have sent the entire record then the District Court would have seen that the answer would have been moot. The record shows that Zuppo does specifically address ALL his arguments in his replys to the public defenders, states, and commissioners answers to Zuppo's Post-Conviction Relief.

The trial transcripts and sentencing transcripts are already transcribed so the reason for the respondents not sending them to you does not make any sense.

How can the Honorable District Court of Delaware factually determine a fair and impartial decision on Zuppo's Habeas Corpus without the entire record?.

In <u>Williams v. Taylor</u> 120A S. CT 1479, Held under §2254 (e)(2) as Amended by AEDPA; "a Failure to develop" a claims Factual basis in State-Court proceedings is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or

his counsel.

    Zuppo was diligent on ALL of his reply answers and through his Supreme Court Appeal because the state argued this same issue in the lower Courts. The District Court would be able to review this fact if the State and respondent sent the entire record to the District Court as the Court requested. The lower courts did not state in their decision anything about 'lack of diligence' or 'some greater fault' so Zuppo asks the Honorable District Court to please see through the respondent's attempts to mislead the the lower Courts as well as this court.

Date: December 1, 2005

ANTHONY ZUPPO Pro-se
D.C.C. 283480
1181 Paddock rd.
Smyrna, DE 19977

## CERTIFICATE OF SERVICE

I, ANTHONY ZUPPO hereby certify that I have sent a true and correct copy of the Reply Brief to the following party(s) on the 1st day of December 2005:

ATTORNEY GENERAL'S OFFICE
Carvel State Building
820 N. French Street
Wilmington, DE 19801

*[signature]*
ANTHONY ZUPPO Pro-se

I/M Anthony Zuppo
SBI# 283480    UNIT   W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

OFFICE of the CLERK
UNITED STATES DISTRICT COURT
844 N. King Street, Lockbox 18
Wilmington, Delaware
19801-3570

19801+3570


