UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY ZUPPO, ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil Action No. 05-504-SLR |
| ) | |
| WARDEN THOMAS CARROLL, ) | |
| Attorney General of the ) | |
| State of Delaware, ) | |
| Respondent. ) | |
| ) | |

FILED
JUN - 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
scanned

## NOTICE OF ADDENDUM

PLEASE TAKE NOTICE, of the Addendum to Ground Two, Arguments 15, & 17 of Post Conviction Relief of the Petitioner's 28:2254 Petition for Writ of Habeas Corpus that was filed on the 18th of July 2005.

Dated: May 28, 2006

Anthony Zuppo, Pro-se
D.C.C. #283480
1181 Paddock rd.
Smyrna, De. 19977

PLEASE ACCEPT THIS, Addendum to be added to Ground Two of Petitioner's Writ of Habeas Corpus along with Exhibits A-39, A-40.

It was a blatant violation of Petitioner's United States Constitutional rights when Public Defender, James Bayard Jr. and the trial court did not investigate what was said by the State's main witness when she spoke directly to the jury when she aproached the jury box to allow them to view her injured hand. At that time the jury was contaminated and possibly prejudiced by her direct conversation to a juror during her visit to the jury box.

On page 102, line 15 of exhibit A-39, Mr. Bayard says "thank you, your honor" but never leaves the defense table. Also on lines 16, 17, 18, and 19 Mr. Wallace warns Ms. Reynolds after her conversation not to say anything to the jury. Ms. Reynolds spoke for around 5 to 8 seconds before Mr. Wallace warned her not to talk.

Nothing was questioned about this untill the Judge calls for an afternoon recess, lines 8, 9, and 10 of page 107, exhibit A-40. After and only after the jury has left does the Judge ask what Ms. Reynolds said to the juror, page 107 line 16 & 17 of exhibit A-40.

Everyone guesses and NEVER finds out what Ms. Reynolds said. Ms. Reynolds was NEVER asked about what she said to the jurors. The Judge also never questions the jury, and Mr. Bayard does not ask for a mistrial, to question Ms. Reynolds, or for the jury to be questioned to make sure they were not contaminated by Ms. Reynolds comments. See Exhibits A-39, A-40 attached.

1 of 5

<u>Mattox v. United States</u>, 146 U.S. 140, 147-59, states that private communications, possibly prejudicial, between jurors, third persons, witnesses, or the officer in charge, are absolutely forbidden and invalidate the verdict, at least unless their harmlessness is made to appear.

<u>Ryan v. United States</u>, 89 U.S. App D.C. 328, 191 F.2d 779, the Court observed that where the trial court properly investigated charges of jury contamination, its ultimate ruling on a motion for a new trial was discretionary and would not be disturbed on appeal if reasonably supported by the record. The court suggested that the proper procedure was to conduct a <u>full</u> evidentiary hearing and to allow the jurors involved to be examined and cross-examined. While it is important for the trial court to retain discretion in determining the extent and type of questioning appropriate under the circumstances of the case, once it is established that improper communications have occured, a searching inquiry for evidence of bias or prejudice must be made.

In <u>Waller v. United States</u>, 389 A.2d 801, it shows that in <u>Remmer v. United States</u>, 347 U.S. 227, 229, where an unauthorized communication with one or more members of the jury is brought to the trial court's attention during trial, and the presumption of prejudice to the defendant is not rebutted, the trial court must declare a mistrial.

Also it states further that it is duty of trial judge to maintain integrity of trial by jury and if it appears at any stage

2 of 5

of trial before verdict that misconduct of any juror or any other person has tainted panel, trial should be stopped and a mistrial granted.

<u>Common Wealth v. Santiago</u>, PA, 318 A.2d 737, it states that a mistrial should have been granted, "The minimal standards of constitutional due process guarantees to the criminally accused a fair trial by a panel of impartial and "indifferent" jurors".

### United States Constitution

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial (by an impartial jury) of the state and district wherein the crime shall have been committed; which district shall have been previously ascertained, by law, and to be informed of the nature, and cause, of the accusations; to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."
Petitioner was <u>Not</u> afforded all of these rights!

Even if the presumption of prejudice doctrine does not exist for all cases of misconduct, in the case at bar, the non incidental and nature of the conversation between Ms. Reynolds and juror's was so egregious actions by Mr. Bayard, trial court, and prosecution, thus must be

3 of 5

considered to be presumptively prejudicial to petitioner.

In A.2d 732, 264 PA Super 192 the courts held that by failing to obtain a satisfactory explanation of the encounter between the juror and witness the lower court abused its discretion, and we affirmed the verdict as to liability but remanded for a new trial.

Finally, and most importantly, condoning such conduct as occured here as non-prejudicial would compromise the impartiality basis for jury trial process in our adversary system. When a state's main witness in a criminal case communicates to the jury during the trial, (see exhibits A-39, A-40) and the failing to adequately determine what was said by questioning the jurors or witness as to what was said, might conceal an ulterior motive or hidden agenda. Even if that is not the case, the inherent appearance of impropriely cast a shadow over the trial process, which necessarilly diminishes the integrity of the system in minds of defendant and the public itself. In essence, the egregious circumstances created by Ms. Reynolds and jurors in this factually narrow situation place a significant burden on State to refute all possible prejudices.

All the above plus exhibits prove a tainted jury and strong and unconstitutional prejudice towards the petitioner by the Public Defender, Prosecution, and Trial Court that warrents a reversal of conviction and remanded for New and fair trial.

Petitioner, by the violation of his United States Constitutional rights should be entitled, by the United States Law to a New and Fair trial.

Dated: May 28, 2006

Respectfully yours,

*Anthony Zuppo* (signature)

Anthony Zuppo
D.C.C. #283480
1181 Paddock rd.
Smyrna, DE. 19977
Petitioner

CERTIFICATE OF SERVICE

I, Anthony Zuppo, hereby certify that I have served a true and correct copy of the attached Addendums and Exhibits upon the following person:

To: Atterney Generals Office
830 N. French Street
Wilmington, DE. 19801

BY PLACING same in a sealed envelope and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977

Respectfully,
Anthony Zuppo

Dated May 28, 2006

Anthony Zuppo Pro-se
DCC. #283480
1181 Paddock rd
Smyrna, De 19977
Petitioner

IM Anthony Zuppo
SBI# 283480 UNIT S#B
DELAWARE CORRECTIONAL CENTER
PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
* Office of the Clerk *
Lockbox "18"
844 King Street
Wilmington, DE. 19801

