IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY ZUPPO, <br>     Petitioner, <br><br> v. <br><br> THOMAS CARROLL, <br> Warden, and Carl C. <br> DANBERG, Attorney <br> General of the State of <br> Delaware, <br>     Respondents. | Civ. No. 05-504-SLR <br><br> FILED <br> JUL 17 2006 <br> U.S. DISTRICT COURT <br> DISTRICT OF DELAWARE <br> RP  scanned |

## '2nd' MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, the Petitioner, Anthony Zuppo, Pro-se and moves the Honorable Judge Robinson to appoint Court Appointed Attorney to represent petitioner to obtain transcripts, affidavit's, police reports, and filing of further appeal proceedings.

In support of this Motion, petitioner states that the following is true and correct:

1. Petitioner is in Delaware Correctional Facility.
2. Petitioner has <u>NO</u> Law experience or schooling in Law.
3. The time allowed and days that can be attended are few and very limited which puts petition at a lack of resources to properly

submit and prepair his appeals.

4. 18 U.S.C.A. § 3006A states in (a)(2) Whenever the United States magistrate judge <u>or</u> the court determines that the interests of justice require representation <u>may be</u> provided for any financially eligible person who -- (B) is seeking relief under <u>section 2241, 2254,</u> or <u>2255 of title 28.</u>

5. Petitioner qualifys under 18 U.S.C.A. § 3006A and being a prisoner, the petitioner faces problems in pursuing his claim. <u>28 U.S.C.A. § 1915(d)</u>

6. Petitioner moves for appointment of counsel, see <u>28 U.S.C.A § 1915(d)</u>, arguing that he does not have the legal education or experience necessary to present his case and that he needs an attorney to assist with, drafting of Petitions, reserch, obtaing police reports and affidavits from witnesses, and submiting petitions, motions and knowing the proper motions to file which the petitioner really has no ideal of certain motions that he should be filing!

6. In determining whether to appoint counsel for indigent, district court should first consider the merits of indigent litigant's claim, and even where claim is not frivolous, cousel is often unwarrented where the indigent's chances of success are extremely slim. <u>Maclin v. Dr. Freake, 650 F.2d 885</u>.

The petitioner's claim holds merit and his chances are far from slim, extremely slim. And <u>ALL</u> Arguments are factual!

7. In considering plaintiffs ability to present plaintiff's own case, for purpose of plaintiff's request for appointment of counsel, courts should consider plaintiffs education, literacy, prior work experience, and prior litigation experience, and courts must consider whether plaintiff has access to necessary resources like Typewriter, photocopier, telephone, and computer. <u>28 USCA §1915</u> <u>Parham v. Johnson, 126 F.3d 454</u>

If district court determines that plaintiff's claim has some merit, then district court should consider following non-exhaustive factors in determining whether to grant plaintiff's request for appointed counsel: plaintiff's ability to present his own case, complexity of legal issues, degree to which factual investigation will be necessary and ability of plaintiff to pursue such investigation, amount case is likely to turn on credibility determinations, whether case will require testimony of expert witnesses, and whether plaintiff can attain and afford counsel on his own behalf. 28 U.S.C.A §1915 Parham v. Johnson, 126 F.3d 454.

Plaintiff's claim holds merit, plaintiff has no legal education to properly present his own case, legal issues are complex, there is no way plaintiff can pursue any investigation necessary, plaintiff is in need of 2 expert witnesses, and plaintiff has NO way of obtaining counsel at all.

8. As preliminary matter, upon plaintiff's request for appointment of counsel in civil litigation, plaintiff's claim must have some merit in fact and law. 28 U.S.C.A. §1915 Montgomery v. Pinchak, 294 F.3d 492, Parham v. Johnson, 126 F.3d 454

The petitioner has strong legal issues that hold merit to prove petitioner's counsels ineffectiveness and trial courts violation of petitioner's constitutionals rights, and his innocents beyound a shadow of doubt. The petitioner alone has a 10% chance at a new trial if that, but with proper legal representation petitioner has a 90% chance at a new trial.

Please, the petitioner prays that the Honorable Judge

Sue L. Robinson, reverse the Order on June 28, 2006 denieing the petitioner's motion for counsel, and reconsider Granting petitioner's new motion.

The petitioner can asure the Honorable Judge Sue L. Robinson that she will never regret giving him a second chance to get back his life, and freedom. Granting the petitioner appointment of counsel will only be giving an innocent man a fair and legal chance at a second trial.

The petitioner only prays that a District Court Judge would want justice to prevail and the truth to come out. The first trial never came close to the truth because of the repressive criminal justice system that the prosecutor and public defender, James bayard Jr., used against him.

Petitioner was denied an unbias and unprejudiced defense counsel, and denied going Pro-se at trial along with numerous misscarages of justice that were thrust apon him during trial. Please don't continue this prejudice all the way through my appeal process also.

Where Fore, petitioner prays that the Honorable Judge Sue. L. Robinson considers petitioner's second motion for appointment of counsel and grants him this strongly needed request.

Dated: July 13, 2006

Respectfully,
Anthony Capps
D.C.C. #283480
Smyrna, DE 19977
Petitioner, Pro-se

## CERTIFICATE OF SEVICE

I, Anthony Zuppo, hereby certify that I have served a true and correct copy of the attached Motion for Appoint of Counsel upon the following party:

Attorney Generals office
Department of Justice
820 N. French Street
Wilmington, DE. 19801
(302) 577-8500

I/M Anthony Zuppo
SBI# 283480   UNIT SHU
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
14 JUL 2006 PM 1 T

U.S.M.S. X-RAY

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801-3570